UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RENAUL E. GLOVER, SR.,

       Plaintiff,

v.

KENOSHA COUNTY POLICE
DEPARTMENT,
WISCONSIN DEPARTMENT OF
COMMUNITY CORRECTION,
JOHN MORRISSEY, KEITH DUMESIC,
WILLIAM ROBINSON, and ERIN ANGEL,

       Defendants.

Case No.13-CV-1164-JPS

ORDER

---

  The plaintiff, who is incarcerated at the Racine Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's motion to proceed *in forma pauperis*. (Docket #2).

  The plaintiff has been assessed and paid an initial partial filing fee of $11.01. 28 U.S.C. § 1915(b)(4).

  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*,

490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In his complaint, plaintiff states that he was arrested as a burglary suspect on November 23, 2012. Plaintiff contends that his residence was searched pursuant to a search warrant and that 36 items were removed. He further asserts that he was deprived of a hearing for 98 days, and that a law enforcement agent falsified information to place him at the scene of an alleged crime. With regard to the legal theory supporting his complaint, plaintiff cites several Wisconsin state criminal procedure statutes and administrative codes. He also cites "illegal search and seizure 4th Amendment US Constitution" because his residence was searched without probable cause. Last, in his statement of relief, plaintiff asks to be released from custody, compensation for false imprisonment and lost wages, and a federal investigation into the Kenosha Police Department's alleged racial profiling.

*Heck v. Humphrey*, a case from the United States Supreme Court, guides the court's analysis of plaintiff's complaint. In that case, Roy Heck was convicted of voluntary manslaughter and sentenced to fifteen years in an Indiana prison. *Heck v. Humphrey*, 512 U.S. 477, 478 (1994). Heck filed a suit in federal court under Section 1983, naming his prosecutors and a police investigator as defendants. *Id.* at 479. The complaint alleged that defendants engaged in an unlawful investigation, destroyed exculpatory evidence, and caused an illegal voice identification procedure to be used at plaintiff's trial. *Id.* The district court dismissed the complaint because Heck's claims "directly implicate the legality of [his] confinement." *Id.* The Seventh Circuit affirmed, and the United States Supreme Court granted certiorari. *Id.* at 479-80. The Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87. The Supreme Court instructed District Courts considering complaints for damages under Section 1983 to first consider whether judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. If the implication of a judgment in plaintiff's favor is that the conviction is invalid, then the court should dismiss

the complaint unless the plaintiff has demonstrated that the conviction has already been invalidated. *Id.*

Plaintiff's factual averments and legal argument are comparable to Heck's, and, unfortunately for plaintiff, the outcome must be the same. Plaintiff asserts several violations of his rights as an individual under suspicion of having committed a crime and as a defendant. Were this court to decide that his conviction is based on evidence acquired via an unconstitutional search or due to racial profiling, this would certainly imply that his conviction is invalid. So, too, with plaintiff's assertion regarding the falsified police reports; a finding that the officer misrepresented facts to the court in the criminal proceedings implies that plaintiff was wrongly convicted. Because his claims for damages challenge the legality of his conviction, and because plaintiff remains in custody and has not demonstrated that his conviction has been invalidated, the plaintiff's Section 1983 claims are not cognizable and the court is obliged to dismiss plaintiff's complaint. *Heck*, 512 U.S. at 487; *Neitzke*, 490 U.S. at 327.

Accordingly,

IT IS ORDERED that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby GRANTED.

IT IS FURTHER ORDERED that this action be and the same is hereby DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

IT IS FURTHER ORDERED that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

IT IS FURTHER ORDERED that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

IT IS FURTHER ORDERED that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $338.99 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

The Clerk of Court is directed to enter judgment accordingly.

IT IS FURTHER ORDERED that copies of this order be sent to the warden of the institution where the inmate is confined.

I FURTHER CERTIFY that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 20th day of November, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge